and Vegetables, David Pye and Jason Pye. Could you speak a little louder or come a little closer or do something? Okay. I'd like to reserve five of my ten minutes for the repeal. All right. You try to keep track of your own time. I'll try to remind you, but don't count on me. The District Court did not have jurisdiction over this matter. The Court of International Trade did. 28 U.S.C. Section 1582 provides that the Court of International Trade has exclusive jurisdiction over any civil action that arises out of an import transaction, is commenced by the government, and is brought to recover customs duties. There is no dispute that the first and second requirements are satisfied here. The focus of this case is on the third requirement, whether this case was brought to recover customs duties. As evidenced by the government's pleadings in the District Court, it was. First, the government's complaint describes the anti-dumping duty order at issue that imposes a duty in excess of 300 percent on Chinese garlic. The complaint alleges that Universal developed an elaborate scheme to avoid paying these duties under that order. Then the government's summary judgment motion also describes at length anti-dumping duty order and Universal's alleged scheme. Well, how would they do otherwise? I mean, to characterize any claim, you have to recite the facts. Is this really a claim to recover the duties, or are the duties simply the measure of damages for fraudulent activity? Well, we believe that because they used the damages to measure the activity, that this really is, in fact, a claim to recover those damages. And then the duties. Sorry, the duties. The government argues that its claim is under the False Claims Act and is based on Universal's false statements to avoid payment of the duties, not on the duties themselves. But no matter how the government styles its complaint, it effectively seeks to recover the anti-dumping duty. So let's accept that characterization. So what you are saying, that even though an individual could sue under the False Claims Act, under a qui tam action, the government cannot. Is that correct? Oh, no. The government can sue under the False Claims Act. We're just saying that in a case like this where. Well, I mean, for this kind of an action. I understand the government can bring a False Claims Act. But under the, if this had been an individual who had blown the whistle on this scheme and had brought a False Claims Act as an individual, and a qui tam action. That would have been in the district court. That would have been in the district court, but not the government. No. Okay, now if the government under a False Claims Act decides to take over a qui tam action, it may do so, correct? Yes. Okay, so where would that action be brought at the time that the government decides to take over the pending qui tam action? Assume these, you know, for this very kind of claim. Would that be in the district court or would it be in the court of international trade? Well, because the statute says that the action has to be commenced by the government. I think in that circumstance, it might still be proper in the district court. Okay. So in that case, the government could be making a claim for under the False Claims Act, and it would still be under your reading of the statute because the pleadings were all essentially alleging the same thing in my hypothetical in this. The only difference is that it wasn't initiated, even though it's still a claim for recovery of duties now. Yeah, it has to meet all three requirements. You know, there is a theory some judges like called ancillary jurisdiction. Have you ever thought that maybe in a key time action, which is brought in the name of the government, that maybe that could be brought in the court of claims or whatever they call it now, that that could be brought in the court of international trade. I don't think that's true either.  I mean, the question is whether even though you have you bring the suit in the name of the government and the name of the individual, that maybe it doesn't have to be brought in the district court but could be brought in the same court as the ordinary custom suits. By the any cases that say yes that it can't be. Yeah, the name. Excuse me right now. But there is a case that says that that if it's a key tam suit that it's not commenced by the government. Where is that case? I believe it's the Alfletz case. Yes, U.S. Hacksrell Felton v. Alfletz. From where? This is a court of international trade case from 1987, 1997, pardon me. And they said that they did not have jurisdiction over that case because it was not commenced by the government. And was that appealed? I don't have any subsequent history on this. It was written by Judge Rustani who often sits on this court. So maybe they decided not to. All right. So we don't have any authoritative definitive ruling on whether a key tam case could be brought in the court of trade. Well, if we give deference to the court of international trade, we do. OK. Anyway, regardless of the other thing is, do you find that anomalous anomalous actions by Congress or inconsistent actions change the nature of jurisdiction because there may be a certain illogic to letting certain cases proceed in one court and others in the in another court? Whose problem is that if there's an anomaly? Congress's problem, I think. I mean, they're the ones that enacted this jurisdictional statute that was very specific to only actions commenced by the government. Why are we here? Did the government just not get around to bringing this case within five years, and so they're hoping to slip it in under the other court? That's our belief, yes. I'm sorry? That's our belief, yes. OK. Oh, you did want to save five minutes and you've got about three left. OK. Thank you. We'll give you five. Thank you. May it please the Court. Doug Hallward-Driemeier from the Department of Justice on behalf of the United States. With respect to the jurisdictional question, the United States does not believe that this is a suit to, quote, recover customs duties. The recovery of customs duties would require no more than the proof that the goods were imported and that duties were owing their own. And if that was all we proved in this case, we would not be entitled to collect a dime. In order to collect here, we must satisfy all of the elements. Well, I don't understand that. Suppose you have a statute that says we're going to allow you to collect what you owe the government no matter what, what way you owe it. But you can collect exactly what you owe the government if you prove malice. So under that statute, you proceed for whatever reason and you show malice. But you say in that we want to recover customs duties. You're saying that that would take it out from under the exclusive jurisdiction because even though you're seeking customs duties, you have to prove an additional element? In our view, a suit to recover customs duties is a suit that in which the basis of liability is the importation of the goods, that that is what it means to recover customs duties. Here, what we seek are damages and penalties provided by the False Claims Act. And, in fact, the Federal Circuit addressed a similar question in the U.S. v. Bloom case in which there was a question of whether the United States could both seek a penalty assessed under 19 U.S.C. 1592a and collect the duties that we're owing under 1592d. And the Federal Circuit held that the suit to collect the customs duties under 1592d related to the Court of International Trades jurisdiction under 28 U.S.C. 1582-3 to recover customs duties because we didn't need to prove anything more. There was no negligence, gross negligence or fraud requirement. But the suit to collect the penalty assessed on the basis of the negligence, gross negligence or fraud, was collectible in the Court of International Trade under a separate jurisdictional provision, 28 U.S.C. 1582-1. And that is the same type of distinction that we have here. The False Claims Act claim is analogous in certain respects to the recovery of administrative penalties assessed under 19 U.S.C. 1592a. Kennedy. Counsel, let me ask you this question. Suppose the company goes ahead and pays the $1.9 million at issue in this case. Can the government turn it right around then and bring a case to enforce the actual duties? No. Why? We would allow an offset. And since the damages are measured by the lost duties, we would allow an offset. Aren't you giving away your case? No. No, I don't believe so, in the same sense that we could pursue a False Claims Act case on a contract case. And if we also had recovered the contract damages under some administrative scheme, we would allow an offset. But that doesn't mean that the False Claims Act claim arises under, say, the Contract Disputes Act. Because the False Claims Act claim is its own claim. It defines its own damages and penalties. And although there may be some overlap in the damages such that an offset would be appropriate, that doesn't mean that we are recovering customs duties. Isn't this exactly the kind of problem that we dealt with very strongly, specifically and clearly in Fritz and said that the subject matter, anything that related to the other statute, the other statute yields? Your Honor, the – I'm not sure about the Fritz case. Was that one of those that predated the Customs Act of 1980? It did, but we've cited it since. It's the same thing. But the Supreme Court in the Kmart case, which construes the Customs Act of 1980, rejected that kind of categorical approach. Under that kind of categorical approach, it transforms 1582 into nothing more than the first clause. The first clause of the statute says that the CIT has exclusive jurisdiction over any civil action which arises out of an import transaction and which is commenced by the United States. The categorical approach that you just articulated would mean that 1582 stops there, but it doesn't. It – that is a threshold requirement, or those are threshold requirements, but it must also – the suit must also fall into one of the three specifically delineated classes of cases, and there are gaps among those three specific classes of cases. For instance, a civil suit to forfeit the goods brought under 18 – 18 U.S.C. 585, I think it is, would be in the district court. Also in the district court would be a suit to recover fines for the importation of counterfeit merchandise under an 18 U.S.C. 1526-F. 1526-F is not referred to in 1582-1, although many other administrative penalty schemes are. There are gaps. And if the case falls within a gap, it's in the district court. All right. But can I – let's – I want to make sure I understand your argument. You're saying this is – even though you're seeking penalties and damages, this doesn't fall under 1582-1 to recover a civil penalty because it's not one of the enumerated administrative sections, correct? That's right. So it's not under the – you're saying it's not under the penalty section. Right. Okay. So what it is is a fraud claim, which – by which a measure of damages in part is the amount of duties that were not collected. But only in part. I understand. Okay. So tracing that through, given Blum saying that there are independent causes of action between the two sections, under 1592, which provides for the penalties for fraud and gross negligence and negligence, could you bring a claim under 1582-3 to recover custom duties if you were in the court of international trade and seek fraud damages for the scheme that was – that went on here? You could – in the court of international trade, you could both seek a fraud – an administrative fraud penalty that was assessed under the administrative scheme set out in 1592A. Right. And the underlying duties, which are collectible under 1592D. So why doesn't that evidence that Congress's understanding was that if you had a fraudulent scheme to avoid duties, the remedy and the process is fully covered – sufficiently covered in Congress's view under the jurisdiction of the court of international trade? Well, first of all, plaintiffs here answered in – rather, defendants here answered in respect to your question that the United States could bring a False Claims Act claim in the court of international trade, because in their view, this – a False Claims Act claim is a suit to recover duties. So even on their view, it seems that we're not precluded from obtaining the measure of damages provided in the False Claims Act claim. Well, I think you are, aren't you, because doesn't it say what the measure of damages is? Only for – only the measure of the damages that can be assessed administratively under the administrative proceedings of 1592A. But there's no – there's no anomaly in the fact that the United States has available to it many alternative remedies where the damages are measured differently. Suppose they measure it the same way. Suppose you just label the customs duties as damages instead of giving them treble damages. You just say under the False Claims Act, you can recover the amount of duties, but we call them damages. Well, Your Honor, what this line of questioning suggests is that there is a due – a customs exclusion to the False Claims Act. The False Claims Act includes an exclusion. No, that's not my question. I'm not – I'm not – that's not my question at all. My question is, do you get out of having to bring the suit in the right court? Not that there's an exclusion to the Act, but – I don't – first of all, I don't believe we're saying that we get out of bringing it in the right court. We think that the district court is the right court. Is it the exclusive court, or it is – is it an option? In other words, is it your position that under no circumstances could a key time be brought in the court of international trade? Well, the court of international trade has held that a key time action brought by a key time later could not be brought in the court of international trade because it's not commenced by the United States. If this Court were to hold that this suit, a suit under the False Claims Act where the underlying fraud was fraud to avoid customs duties, is a suit to recover customs duties, then necessarily that implies that the court of international trade has jurisdiction over a False Claims Act case brought in the court of international trade where the measure of damage is lost, you know, where the fraud was to avoid customs duties. It does not sound like such an outlandish proposition to me. Well, and I also want to emphasize as well that the statute of limitations in such a case would be the False Claims Act statute of limitations, not the more general statute of limitations for bringing a suit in the court of international trade. So we could transfer this case to the court of claims? Court of international trade. I'm a little behind with you. Well, if the Court concludes that it is a suit to recover customs duties, that would be the appropriate outcome, that it would be a remand for – with an order to transfer it to the court of international trade, which would then exercise jurisdiction over the case under 1582.3. That is not our construction of 1582.3, but it would be the necessary implication if you were to hold that this False Claims Act case is one that arises – that falls within the CIT's exclusive jurisdiction. Let me – okay. Now I am confused, because – can I just ask you, because I'm even slower than Judge Reinhart this morning. I know the right court, but I don't understand the sequencing here. Under 1582.3, we're talking about the exclusive jurisdiction of the court of international trade, okay, in an action that arises out of an import transaction commenced by the United States to recover customs duties. Okay. Now, if you look to the penalties provision, 1592. No, no, no. Excuse me. No, no. That's wrong. The administrate – the maximum on the penalties in 1592 is the maximum on an administrative penalty. Let's clarify here. Okay. There are even – set aside this whole duties question, court of international trade question. There are – the False Claims Act itself has an administrative parallel. Okay. Don't go quite so fast, okay? Okay. I just want to stick with the language. Then you can tell me where I'm off base. The – Hold on a second, please. You'll get your chance. Okay. All right. Because if I don't understand you, you can say all you want, and I just need to understand it. Fifteen – I'm just trying to place it. we've got an action which we say – which, if it applies to this case, is the exclusive jurisdiction of the court of international trade, right? Right. Bear with me now. Now, if one goes to 1592, which is talking about penalties for fraud, gross negligence – for fraud. Let's forget about these others. Then my question is – and maybe that's what you thought you were answering. It talks about what the penalties are for fraud. Okay. Now, are you saying that if this action proceeded as a normal action by the government in – forget this case, that it's brought under for fraudulent activity, where what the government is complaining about is that the duties were not properly paid, so they want to recover them. There are provisions in this act which allow the government to get more than just the duties. They can get something more than that, as laid out in 1592. Correct? Yes. I hope nobody else has their cell phones turned on. All right. So, if you're walking through in a normal action, you would be able to recover certain penalties or whatever they're called – well, the penalties in the act for the fraudulent conduct. Okay. So, the question I was asking earlier is if we're trying to resolve whether you're trying to plead around an exclusive jurisdiction construct here, why is it that this construct doesn't give the government the fraud enforcement authority that Congress thought was appropriate, such that we should say, well, you can also bring it alternatively under a different theory of liability, and therefore not fall within the exclusive jurisdiction? It's not an exception to the False Claims Act. You're not within the exclusive jurisdiction of the CIT. The 1592 maximum that you alluded to is the maximum recoverable pursuant to the administrative process set forth in 1592B. But it is not at all unusual that there would be different kinds of caps for an administrative penalty than there is for the judicial remedy of the False Claims Act. Okay. Now, let me just hold you there. So, are you saying that 1592A, B, and C relate only to the penalty provision of 1582, which would be 1582.1? Yes. Okay. So, it doesn't apply? These penalty measures don't govern 1582.3? That's right. All right. Now, next slide. Can I just – Now, we only have a limited amount of time. No. Okay. Okay. The – you've exceeded the time already, but we have some more questions. Okay. You told us we really shouldn't pay any attention to Fritz because it was an intervening Supreme Court case that undermines the doctrine we set forth there. What was the date of that case?  The date. The date is what I asked. I believe the Kmart case. 1988? 1988. Is that right? Yes. We have a case from 1993, Earth Island Institute v. Warren Christopher, in which we reaffirm and quote our doctrine in Fritz and say we are bound by it. How are we, therefore, free to repudiate that doctrine now? Well, I'm not familiar with the case that you mentioned or its specifics, but I don't believe that there is any case post-Kmart where the Court holds in effect that as long as the first three conditions of 1582 are met, i.e., it's a civil action arising out of an import transaction and commenced by the United States, that that in and of itself is sufficient and that the Court is free to ignore the three specific categories outlined in 1582. And what the Kmart Court makes clear is that Congress had before it, in 1980, when it passed the Customs Court Act of 1980, a proposal akin to a categorical one, all claims arising out of import transactions of the equivalent, Congress rejected that, and instead it sought uniformity and clarity through enacting several specific categories of jurisdiction. And the Court has to construe those specifically, and it is not free to fill in the gaps between them, and this Court, in the Nippon Metal Bearings case, agrees that Kmart is the proper way to approach this. And, for instance, in the Nippon Metal Bearings case, that's 230 F. 3rd, 11th, 31, and they cite affirmatively the Federal Circuit's decision in the Traco case, and the Traco case specifically rejects the notion of filling in the gaps, quote, unquote. Well, it's not a question of filling in the gaps. The question is whether, in this case, when you seek the customs duties and call them the damages, and it's the same amount, whether that's... Well, it's not the same amount, though, because the False Claims Act allows us to... I'm sorry, it is the same amount, and then you treble that amount. But the damages, as the decisions say, are the customs duties, and then they are trebled. Well, if this – if in this case... And the question, then, is whether you can, by labeling duties damages, avoid the third part of the statute. And maybe you can. Well, if Korea had had, instead of being a country from which no duty was owing, had been a duty – a country from which there was a 100 percent duty owing, in this case, our damages would not have been the duty that was owing under the anti-dumping duty, but rather the difference between what we might have been able to collect or should have been able to collect for goods coming in from China versus what we did... And then we treble them, and we're entitled to... under the False Claims Act. I'm sorry. There is no basis for concluding... As we've heard... Okay.  Okay. How many failures or what percentage of failures to pay custom duties would you estimate would involve a false claim, reverse or otherwise? Well, I don't know. Of course. Most? No. I don't think so. And one of the differences, one of the notable differences between the False Claims Act and the administrative scheme of 1592A is that we can proceed under 1592A without a showing of a knowledge of falsity. Gross negligence is enough. Negligence is enough. And so in most cases, that's what we would end up proving. In order to bring a claim under the False Claims Act. Your estimate is most customs violations are unknowing. Well, I don't know the numbers. But I do know that what we would have to prove here, the knowing element, is different from what we would have to prove to be able to get the administrative element. But any time anyone knowingly violated the Customs Act with respect to duties, it could be made a key term action and get it out of the customs. No. If they – if someone violates the customs laws by smuggling the goods into the United States, there's no False Claims Act claim because we can't prove the filing of a false statement. We have to prove – this is why I think it's – in our view, it's clear that this arises under the False Claims Act, and the suit is not one to recover customs duties, but rather the damages and penalties provided by the False Claims Act, because we have to prove all of the elements of that cause of action, not simply that duties were owing. If the goods were smuggled in, we could bring a suit to recover the duties that should have been paid. And if – all we have to show is that the goods came in, and that would be enough. But that would not be enough to bring a False Claims Act claim and obtain the damages. Before we – there is also an issue of obligation that the – I don't think we have time for any more issues. We have 15 minutes over the time. Okay. All right.  Thank you. Well, we'll give you more than your minute or two, if you'd like. But you wanted five minutes, so let's see if we can do it in five minutes. I'll be brief, Your Honor. All right. I just wanted to make the point that we're not disputing that the government can pursue any remedy that it wants. The government can pursue whatever remedy it chooses to combat whatever fraud it perceives. The issue is which court has jurisdiction when the government is seeking to recover customs duties under any remedial scheme. If the government's claim involves the recovery of customs duties in any way as it does here, then its claim has to be brought in the court of international trade. The jurisdiction is exclusive, and the government cannot circumvent that jurisdiction by creative pleading. Is there any questions? I have one question. Have you thought about the position counsel just advocated that the government could not file for the duties under the False Claims Act if they smuggled them in and made any kind of false record or statement to conceal, avoid or decrease an obligation? Would you know if you have a view as to whether those actions would bring you under the False Claims Act? You don't have to. All right. Well, thank you. Thank you.
judges: Reinhardt, O' Scannlain, Fisher